Good morning. Would you like me to begin? Good morning. I see we're on the line. The next case is the United States of America v. Nathaniel Fields. And here Ms. Salant, Megan Salant, is here for Fields, and Winifred Acosta is here for the United States. And you may proceed, Ms. Salant. Thank you. May it please the Court, my name is Megan Salant, and I represent Mr. Fields in this appeal. I have reserved five minutes for my rebuttal. Mr. Fields is not here asking for a plenary resentencing, and we don't believe that one is necessary for him to receive a correct and reasonable sentence in light of the First Step Act. Instead, Mr. Fields is asking that the lower court apply or at least consider the correctly calculated guidelines range under the most current guidelines manual. And we believe that that's what's required by the plain statute and by 18 U.S.C. 3553A. The district courts committed its error when it failed to consider that. The First Act instructs courts to impose a sentence as though... I'm sorry to interrupt. Here's my concern. I'm not sure we're writing on a blank slate. It seems to me that between when this was set for oral argument, and now oral argument is occurring, that our court issued some opinions that may bind us and determine the outcome. And in particular, the Denson line of cases, and even Jones, where it says that the court may consider the 3553A factors, but doesn't say it has to. I wonder if you could explain to me, first of all, whether you think we're bound by those. Second, if you do think we're bound by them, then why they don't require us to affirm. And third, if you don't think we're bound by them, why do you think we are not bound by them? Okay. So I agree with you, Your Honor, that certainly the legal landscape has changed quite a bit since the briefing concluded in this case, which is I think why Ms. Acosta and I both submitted supplemental authority. I think that both Jones and Denson should guide the court in making this decision, but I also believe that both of those cases are distinguishable. I'm sorry, I shouldn't say distinguishable. Jones, first of all, I would say the fact that the court in Jones identified that a sentencing court, when imposing a new sentence under the First Act, has broad discretion. And so I think that that gives us a clue into how the sentence should have been imposed in this case. And then as far as Denson is concerned, I think that there are many reasons that obviously Denson is published, and so it holds precedential value, and it is binding, but I think that it is distinguishable as well. First of all, in Denson, the defendant was asking that there be a hearing and that he be physically present to argue for a variance and raise objections to the government's arguments. Mr. Fields is not asking for plenary resentencing. He's not asking to be present. All he's asking the court to do is to impose the new guidelines range. And the difference between what Mr. Denson was asking for and what Mr. Fields is asking for is that the issue in Mr. Fields case, the fact that he's no longer a career offender, there's no dispute over that. That has been the Ninth Circuit Court of Appeals has made that decision. It said that the Washington priors, they are not divisible and they're categorically not crimes of violence. So Mr. Fields wasn't asking to present argument, he's just asking the court to recognize the law as it exists today. Here's that under the Denson line of cases. What you're saying makes perfect sense to me. Let me just say that first. But I think we have decided in this court, in binding precedent, that that the defendant must be, if he's going to be resentenced, is going to be resentenced as though the laws that existed during his original sentencing still continues to exist in every way except with respect to the It seems to me that we are bound by that and required to impose sentence under whatever else was existing, you know, 14 years ago or whenever it was, that your client was sentenced. Do you think that that's not right? And I'd like to hear a little bit about how you think that's the case. Well, so, again, I would just point out that that I don't necessarily think the issue is the same. I don't think that I don't think that Denson precludes relief. The other, the other maybe avenue that you that we can consider is that Part of the idea of the Fair Sentencing Act was to level the playing field a little bit. And in implementing the Fair Sentencing Act, the Congress instructed the commission to rewrite the guidelines in a way that would make those make the guidelines reflect this leveling of the playing field. Right. Well, unfortunately, neither of those amendments apply to people who are previously been designated as career offenders. So you have these, you have this idea that Congress is trying to is trying to level the playing field, both with the Fair Sentencing Act, and then again with the First Step Act. But there, but people like Mr. Fields who are career offenders are meeting these barriers, even though they're not technically career offenders anymore. But counsel, you're assuming that Congress wanted to level the field as to sentencing on career offenders. And there's not a word anywhere that I've seen Or in your brief cited to that says that was the purpose. The purpose of the Fair Sentencing Act was to level the field or at least reduce the imbalance between crack and powder. I mean, it says that everybody says there's no hint that it had anything to do with career offenders. And then, of course, the First Step Act was just to make those, those changes as if those changes retroactive, or at least available to folks sentenced after that date in 2010. So it's not true that Congress meant to level the playing field or expressed an intent to level the playing field, as to anything else, whether it be the career offender provisions or some other provision of the sentencing guideline that had been changed. You're missing. No, no, you're absolutely right. I didn't mean to imply that Congress, Congress was not did not have the career offender guideline in mind. It was my point was just that the, the, you're absolutely right. My point is just that there is a broad, there was a broad goal with the Fair Sentencing Act and the First Step Act to reduce the disparity between crack cocaine offenders and powder cocaine offenders, correct. So, and what I'm saying is, is that by not not allowing the court to consider that he would not even be a career offender. I'm sorry, not allowing the court to consider those, those changes that under the guidelines because he was a career offender he's not getting the benefit that Congress intended. But, I mean that's just circular and plays in the question I asked earlier, let's move on one past that, if there were other changes to the guidelines. And, and this was not a change because of the ruling of unconstitutionality. You know the Beckles decision rejected an attack on the residual clause in guidelines. But if, if the sentencing commission change some other part of God had nothing to do with career and nothing to do with the quantity. Are you saying that a First Step Act petitioner is entitled to the benefit of those later changes that had nothing to do with crack, nothing to do with the disparity between powder and crack, and nothing to do with career offended. I believe that a defendant who was before the court, the court for his cases before the court for a sentence reduction under the First Step Act is entitled to have a district court consider the properly calculated guidelines range under the current version of the guidelines. I believe that that is what the Supreme Court requires you so you would read as if it meaning as if the all the guidelines that are now in place. We're in a place at the time of the first sentence, right. I, I believe, yes I believe that the court should consider the guidelines range as it would be calculated today. So, all of them are in effect. That's what as if means. Correct. Okay. I see my time is expired so I will allow us to Costa to continue. Thank you. Good morning, Your Honor, may it please the court. On behalf of the appellee, the United States. The government believes that Denson does resolve the first issue, as this court has already discussed. First and foremost, the government believes that Denson stands for the proposition that the First Step Act does not authorize the district court to conduct a plenary or de novo resentencing, and more specifically, I know that Mr. feels Mr feels argument here today is that he's not requesting a plenary or de novo resentencing, however, in the Denson case, the court said that the district court is not authorized to change the defendants original guidelines calculation unaffected by sections two and three of the Fair Sentencing Act. And this is exactly what Mr fields is requesting. So with that, the government submits that Denson has resolved the first issue. With regards to the second issue, whether or not there's any procedural or substantive on reasonableness. The government argues that, first and foremost, the 11th Circuit Court of Appeals has not published an opinion on whether reasonableness review applies in a 3582 see context. Moreover, this court's review for reasonableness is very much differential, and the party challenging bears the burden that the sentence is unreasonable in light of the record, and the 353 a factors. When the court entertains the district judge entertains a motion to modify a sentence pursuant to the First Step Act. Does it exercise discretion. Yes, it does. Yes, your honor, it does. Okay, well how do we, how do we review the exercise of discretion report does not consider the 3553 a factors. Well, it's our position your honor that the district court did in fact consider the relevant 3553 a factors, we recognize that Jones Hill that the court may consider the relevant 3553 a factors and that's exactly what happened in this case. If you look at the district courts order the district courts in its order said that after full review of the defendants motion, and the government's response there too. And after re reviewing the original PSR, along with consideration of the defendants physical condition, his course completions and his conduct while in prison, and then the court goes on. But looking at that order that language. It says that the district court did in fact consider, not only what the district judge didn't say that he considered 3553 a factors, is the court required to do that or is it, or is the court not required to do that when entertaining a motion to modify a sentence under the First Step Act. We believe that the court may consider the 3553 a factors, and I'll say that in our district the northern district. What if the court doesn't consider the 3553 a factors. Some of the circuits, there's a circuit split and I suspect that's why this case was scheduled for argument so that we can decide which side of the circuit split, we are going to fall on. And some of the circuits say that a court is required to, it must consider the 3553 a factors. And the reason is, if it doesn't, then, you know, how do we review the decision for discretion, the use of discretion. That's my question. Let's say the court has the option. Yes, Your Honor. What, how do we review that decision for reasonable. With deference, but again, it's our position that there's no requirement to review, based on the 3553 a factors. There is an option. Absolutely. However, I'll be clear that in our district, the district courts, the district courts review, make a decision of sentencing, based on the 3553 a factors so it's a given that the 3553 a factors will be. That may be the case in your district, but, but it's not necessarily the case in every district for respect to every district judge. So, so maybe you can address what you think we should review. If we don't review based on if the district court does not discuss or otherwise reflect in any kind of reasoning that she or he has considered the 3553 a factors. And again, I understand the concern. And in this case, and as I've mentioned in our district and I understand that other districts operate differently. I don't think that there's a requirement to review, using the 3553 a factors, however, that is our plan that is our practice here in our district. The 3553 a factors can be reviewed, and the district. Let's talk about the situation where a new sentence is imposed or emotions, denied, even if there's coverage there. The district judge does not mention anything, just the district judge just renders a decision. How do we review. Well, I'm gonna and I believe that would be a problematic issue, because there would be some difficult reviewing what exactly the district court was considering in fashioning a sentence. The 3553 a factors are a proper guideline for district courts to consider in fashioning a sentence, which, again, under Jones, they may very well consider those 3553 a factors. And if they don't consider those 3553 a factors I can see where it would be difficult to look at what, in fact, the district courts considered. However, if the district court, put on the record, what was considered what were the factors that were considered in determining the sentence, then I think that the appellate court could very well review. What was considered at the time that the district court imposed the sentence. Council don't don't we have law that says if the district court simply says I considered 35 original forget about first step back and fairness and sensing adjustment if the district court in a new first time sentence says I considered 3553 a factors, that's adequate. Yes, your honor. Is that what took place in this case. Well, your honor. In reviewing the order. I don't believe the order specifically states that the district court considered the 3553 a factors however in reading the language that was included in the order, it's clear that the 3553 a factors were in fact considered. What if the courts, what if the court doesn't say, quote, considered the 3553 a factors. What if the court doesn't say that. I think. See the issue is whether or not we have to decide whether or not we're going to join those circuits. I think there are six other circuits, who say that the court must consider the 3553 a factors. So we can avoid a situation where we have a district judge failing to say I've considered the 3553 a factors. I understand, your honor. And again, if that's the case where the district court does not specify as in this case that the 3553 a factors were considered. I think that the appellate court would then review what factors were considered by the district court here again looking at the language that's included in the order. I think those the language that's included in the order reflects consideration proper consideration of the 3553 a factors. I'd like to ask you a question. Do you see a difference between this as far as our view goes, between a district court saying, I considered the 3553 a factors, and imposing the sentence, and nothing on the one hand, and just saying, I'm imposing a sentence, you know, on a, on a first step act. I'm imposing this new sentence, without saying anything, as opposed to saying, I'm considering this, or I'm imposing this but I consider the 3553. Isn't there a difference there. One situation you at least know what the court was considering, and what factors into its determination and other we have no way of knowing how the district court arrived at its determination. I mean that does seem to kind of present a problem with respect to our view of, and the reasonableness of the decision. That's correct. Yes, I can understand that there is a difference there. But again, it would have to be evident in the record, what the district court in fact reviewed. If the record doesn't indicate anything, then yes, it would be, it could very well be problematic. But in this case, that's not the case where the district court was clear about what was reviewed. I understand your point, your point is, you're not arguing that district courts shouldn't be required to consider the 3553. You're arguing that it's probably a good idea for them to consider them but it was done. Is that a fair. That's great. Council needs your help on something I didn't think about this so I heard the other questions which were helpful to me. If the district court considered the 3553 a factors, the first time. And didn't say anything to indicate disagreement with those. And those were justifying enough to provide that that sentence was either reasonable or wasn't challenged as unreasonable. It was challenged as unreasonable that challenge was rejected or it wouldn't have stayed on the case. And if he didn't raise it, that's another matter. And now the sentence is less. So, wouldn't we presume that he considered the 3553 a factors the first time or look at the sentence transcript from the first time, and then say, well, those were enough to justify the higher sentence now so why wouldn't they be enough to justify the lower sentence. If he grants relief, or no change in the sentence, if he denies relief. Yes, Your Honor. I'm just a little. I'm just a little this whole area is kind of unmoored, but I'm just a little bit. I don't understand exactly if he's to consider the 3553 a factors. Is he to consider them as they existed at first sentence, or as they now exist. And if he does it as they now exist, then our precedent seems to foreclose that because one of the factors is the guideline. And if he considers the lower guideline range now, as we discussed earlier that may contradict the Jones holding, and we've got to follow the Jones. That's correct. Yes, Your Honor. I believe that when the district court indicated that he had reviewed the original PSR, and he commented on the pre sentencing conduct as well as the post sentencing conduct. It appears that the 3553 a factors. At the time of the original sentencing were considered, and it also appears that the 3553 a factors may very well have been considered the relevant ones may have been considered at the time of the limited modification proceeding. Six other circuits. That's correct. Yes, Your Honor. That's correct. I would just point out that the first step is just those proceedings are limited modification proceedings. And the court did what it was required to do was what, which was first of all finding that Mr fields was in fact eligible for reduction. And secondly, considering the relevant 3553 a factors to determine what the appropriate sentence would be. And I believe that the sentence of 270 months, which amounts to a mere eight months above the low end of the guideline range was comfortably fits within the scope of the 35 of 3553 a as well as section 404 of the first step act. Can you still get, let's say you get a lower sentence as a result of a first step modification. Can you still have an appellate court review a lower sentence for reasonableness. Well, again, I would rely on the case I referenced earlier, which is the US versus Lynn decision 11th circuit 2013 where it just help well observe the panel observed that the 11th circuit has not decided in a published opinion, whether reasonableness review applies in the 3582 c2 context. Okay. Let me correct myself or not six other circuits, say that on a first step modification, the district judge must consider the 3553 a factors, but we had an argument, Mr. Thank you. Thank you. And that's a lot of time for rebuttal. I have. Thank you. I, so I just want to point out, as you did just now Your Honor, that the third, fourth, sixth and seventh circuits have all held that upon when considering a first step promotion, and the amount that defendant may be entitled to a reduction that the court must consider them a new. Now, that ties into something I want to address that judge Carnes had asked me right at the end of my first argument. I just want to clarify, I understand that the we understand that the lower court has broad or has discretion to decide the, the extent of a reduction. We believe that when a defendant is eligible for a first step back reduction. The court should apply the 3553 a factors, and that should include a proper calculation of how the guidelines stand today. Now I'm not saying that the court has to apply those guidelines or has to impose a sentence within that new range which includes the amendments and the changes to the law, I'm just saying that it needs to be considered. And in this case, what happened was the district court thought that because it wasn't a plenary resentencing which, as I've noted Mr fields is not asking for that because it wasn't a plenary resentencing, the court wasn't entitled to revisit or reconsider the guidelines. So what we're saying is is the court wasn't required to apply the guidelines, but the court should have considered them, and the court didn't. And, and what that resulted in was a sentence that is over twice as long as Mr fields would have received if he were in court to be sentenced today for the first time. He's our end. But let me ask you this, suppose, the guidelines have been changed to the detriment of a defendant court still have discretion to consider and say you deserve a longer sentence. I'm not even going to think about giving you a reduction. I, I'm not sure of my answer to that question, I would say that I think there are other implications legal implications about increasing a defendant sentence. But I will say that, that if Congress or the Sentencing Commission has reevaluated our, our sentencing structure and made changes, then, then the way they are today is probably a better reflection of what is what we agreed, or what they've decided as fair and just. And so I, I don't, I'm not going to concede that the court could increase the sentence but could the court consider a higher guidelines range. Probably, yes. But the, at the very least, what we ended up with here today is it just an unreasonable sentence, the court never made mention of what the current guidelines ranges the court never made mention of what Mr field is new sentence would be compared to comparable defendants in a similar situation today. And instead disregarded that argument or that consideration entirely and impose like I said a sentence that's over twice what the defendant could have what Mr fields would have received if you're before the court today. And he's already served for more years than he could have served had he been sentenced today. So I would say that the, that at the very least the district court didn't understand its discretion, but then it also didn't properly apply. Consider the proper factors when imposing it, it's, it's new sentence. And if the court doesn't have any other questions, I will leave it to you. Well, thank you, Mr lamp, and Mr Costa, we have your arguments. Thank you very much.